### Ross Davis v. The State.

*No. 447.    Decided May 9.*

1. **Severance of Defendants Separately Indicted—Previous Continuance as to One Can Not Defeat the Right of Severance and Order of Trial.**—Appellant and his brother were separately indicted for the same crime. A continuance had been granted the brother in his case. When defendant's case was called he demanded a severance, under the provisions of article 669a of the Code of Criminal Procedure, in order that the brother might first be tried and he thereby be enabled to have the benefit of his testimony—this application having been denied because of the continuance—the brother, whose case had been continued, moved the court to set aside the continuance and put him upon trial first, and the two motions having been considered together, were by the court overruled. *Held*, error. Under the case stated, the fact that a continuance had been granted in the case first called was immaterial, and could not defeat aappellant's right to sever.

2. **Same—Statute Construed.**—Under provision of article 669a of the Code of Criminal Procedure it is expressly declared, that the party or parties for whose evidence the affidavit (for severance) is made *shall* first be tried.

APPEAL from the District Court of Coleman. Tried below before Hon. J. O. WOODWARD.

This appeal is from a conviction for burglary, the punishment assessed being two years' imprisonment in the penitentiary.

The proceedings had in the lower court in reference to defendant's application for severance and its refusal by the court are shown in the record, as follows:

"Now comes the defendant and asks the court to have the case number 1125, in which the State of Texas is plaintiff and Homer Davis defendant, called before he is placed on trial, as he, the defendant, is prosecuted for the same offense, growing out of the same alleged transaction or occurrence, and that the allegations in the indictments are identically the same, and that the evidence of the said Homer Davis

is material for the defense of the affiant, and that the affiant verily believes that there is not sufficient evidence against the said Homer Davis to convict him.                    "ROSS DAVIS.

"Subscribed and sworn to before me by Ross Davis, this 26 February, 1894.                    "B. H. PITTMAN,
                    "District Clerk Coleman County, Texas.

"Now comes the defendant, Homer Davis, in the above styled and numbered cause, and respectfully asks the court to set aside the order of continuance granted him on the 26th day of February, 1894, for the testimony of J. H. Wyatt, Billie Woods, and —— Stacy, and call his case up for trial, as he is now ready and willing to go to trial, and by granting him this motion there can not and would not be any interference with the State's testimony or any other rights of the State, as all of the witnesses for the State are now present in the court house that were present when the State, by her attorney, announced ready for trial in said case. Wherefore the defendant earnestly and respectfully asks the court, on this the 26th day of February, A. D. 1894, to grant this motion and call said case."

The order of the court on the foregoing motions is as follows:

"*Monday, February 26, 1894.*—This day came on to be heard the motion of defendant for a severance between Homer Davis and Ross Davis, and that Homer Davis be first put upon trial, both defendants being charged with the same offense in separate indictments, and stating that there was not sufficient evidence to convict the defendant Homer Davis, and that the said defendant Homer Davis was a material witness for the defendant Ross Davis; and after due consideration of said motion the court is of the opinion that the motion should not prevail, because The State of Texas versus Homer Davis, number 1125, had been continued; whereupon the defendant Homer Davis, being in open court, moved the court to set aside the order of continuance just granted him and put him upon trial first, which motion, being considered with defendant Ross Davis' motion for a severance, and the court having considered both of said motions in connection, is of the opinion they should be overruled. It is therefore considered that each and both of said motions be and the same are hereby overruled. To which action of the court defendant excepted and took his bill of exceptions."

*J. K. Baker* and *Sims & Snodgrass,* for appellant.—The court erred in overruling defendant's affidavit and motion to sever this defendant's case from cause number 1125, The State of Texas v. Homer Davis, and to put Homer Davis upon trial first; because, first, the testimony was

not sufficient to support a conviction of the said Homer Davis; second, the testimony of the said Homer Davis was material to this defendant's defense; third, defendant was entitled to the severance under the law. Code Crim. Proc., art. 669a; Forcey v. The State, 29 Texas Crim. App., 408; Willey v. The State, 22 Texas Crim. App., 408.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years, from which he appeals.

It is only necessary to consider one question in this case. Appellant and his brother, Homer Davis, were indicted by separate indictments for burglary. The cause of Homer Davis was continued on his application on account of the absence of witnesses, and the case at bar was called. A motion for continuance on account of the absence of certain witnesses was also made in this case, but was overruled. Appellant then filed his motion for a severance, alleging that Homer Davis was charged with the same offense as himself; that there was not sufficient evidence against him to convict him, and his evidence was material to his (Ross Davis') defense; and praying that the case against Homer Davis be first called and he be placed upon trial. The motion was accompanied with a petition by Homer Davis praying the court to set aside the continuance granted in his cause; that he is ready to go to trial first; that all the witnesses for the State are present in the court house that were present when the State announced ready for trial in said case, so that no injury could accrue to the State. The court overruled both the motions and petition, and required appellant to go to trial. We think the court erred in so doing. Article 669a of the Code of Criminal Procedure declares, that when an application for severance is made, as was done in the present case, the party for whose evidence said affidavit is made *shall* first be tried. The appellant had a right to sever. The fact that a continuance had been granted in the case first called was immaterial, in view of the fact that the defendant at whose instance it was granted was praying for it to be set aside, thereby waiving his right to absent witnesses, and also showing that all the State's witnesses were still present in court.

We see no error in the charge of the court or his rulings in the cause except in the one specified, for which the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.